Bryan A. Giribaldo (to seek admission *pro hac vice*)
bgiribaldo@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd., Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed Class*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Munson, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Desert Fixed LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Class Action Complaint - 1

**Nature of this Action**

1. Mark Munson ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Desert Fixed LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing call or text message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

**Parties**

4. Plaintiff is a natural person who at all relevant times resided in Scottsdale, Arizona.

5. Defendant is an Arizona limited liability company that runs a real estate business headquartered in Phoenix, Arizona.

6. Cecil Gomes and Christopher Gomes are the two members of Defendant.

7. Upon information and belief, Cecil Gomes is also a realtor for eXp Realty LLC, holding an active Arizona "Real Estate Salesperson" license.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

9. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as a significant portion of the events giving rise to this action occurred in this district.

10. In particular, the solicitation text messages to Plaintiff's telephone number originated from this district, and Plaintiff received those text messages in this district.

**Factual Allegations**

11. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(406) 396-XXXX.

12. Plaintiff uses his cellular telephone as his personal residential telephone number.

13. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

14. Plaintiff registered his cellular telephone number with the DNC Registry on July 26, 2022, and has maintained that registration through the present date.

15. Starting in October 2024, Plaintiff received at least two text messages from (623) 428-0993, each seeking to solicit Plaintiff to use Defendant in the sale of his home:



Class Action Complaint - 3

16. Plaintiff did not recognize the sender, is not selling his home, and was not looking to sell his home.

17. Plaintiff responded to the sender solely to identify the entity responsible for sending those unwanted messages, given that the initial text messages obfuscated the identity of the sender.

18. When asked for some sort of identification after Defendant sent the unsolicited text messaging, Defendant identified itself as "Desert Fixed."[1]

19. Defendant continued to send text messages to Plaintiff's cellular telephone number despite Plaintiff expressing no interest in Defendant's services.

20. Upon information and belief, Defendant has called or sent text messages to Plaintiff in 2024 from different telephone numbers, but because Defendant does not identify itself in its unsolicited calls or messaging, Plaintiff does not know exactly which other calls or text messages are from Defendant.

21. Upon information and belief, Defendant owns and operates the website www.desertfixed.com.

22. Defendant's website touts that Defendant is "a LOCAL family-owned company and we help homeowners sell houses quickly and without hassle. We offer several advantages to homeowners who want to sell their house fast v/s going a traditional route of listing with a real estate agent."[2]

23. Defendant's website also advertises that they pair numerous services with their offers to purchase properties from consumers.

24. Implicit among these service offerings is the arranging of title, escrow, preparing paperwork, and all other ancillary services associated with the purchase or sale of a home.

25. Defendant represents that "we will handle all the paperwork and coordination to get to the closing table. We have a great team, including a fantastic title

---

[1] https://www.desertfixed.com/general-5 (last visited November 5, 2024).
[2] https://www.desertfixed.com/ (last visited November 5, 2024).

Class Action Complaint - 4

company, that will make the sales process extremely smooth for you. When we say we're a full-service real estate company, we mean it!"[3]

26. And, upon information and belief, in exchange for providing the services of a "full-service real estate company," Defendant seeks to acquire Plaintiff's—and other consumers'—homes at below fair market values, to then re-sell or re-assign the property to a third-party purchaser for profit.

27. In other words, consumers such as Plaintiff would pay an effective fee to Defendant for their numerous ancillary services through Defendant's payment of a reduced purchase price to those consumers.

28. Thus, upon information and belief, Defendant seeks to supplant the role of a traditional real estate agent while providing the same services as a real estate agent, and in exchange for doing so, are compensated obtaining a homeowner's property at a reduced price, and thereafter selling it at an inflated price.

29. As a result, Defendant would be (and, upon belief and information, is) compensated for their services in an analogous manner to a real estate agent: after providing services to facilitate the transaction, receiving compensation from the proceeds related to the buying or selling of a home.

30. Alternatively, upon information and belief, Cecil Gomes, by virtue of his licensure as an Arizonan realtor, directly lists targeted consumers' houses through normal real estate listing channels, such as the MLS (Multiple Listing Service), on behalf of Defendant.

31. This hybrid wholesaler/representation conduct is particularly problematic given that the FCC has specifically concluded that Defendant's conduct qualifies as a "solicitation" under the TCPA when performed by real estate agents.

32. Specifically, in 2005, the National Association of Realtors petitioned the

---

[3] https://www.desertfixed.com/faq?questionId=f2196b2e-f6ea-4dcb-a036-50fa6a823517&appDefId=14c92d28-031e-7910-c9a8-a670011e062d (last visited November 5, 2024).

Class Action Complaint - 5

1  FCC for an exemption from the Do-Not-Call rules' definition of "solicitation" for calls
2  made by real estate agents to property owners with lapsed real estate listings, where the
3  real estate agent solicits their services to a prospective seller. *In the Matter of Rules &*
4  *Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788 (2005).

5  33. In interpreting the definition of "telephone solicitation," the FCC rejected
6  this exemption, and concluded "that a telephone solicitation would include calls by real
7  estate agents to property owners for the purpose of offering their services to the owner,
8  whether the property listing has lapsed or not." *Id.* at 3793-94.

9  34. As a result, Defendant's conduct fits squarely within the TCPA's definition
10 of telemarketing or solicitation, as reinforced by the FCC.

11 35. Plaintiff did not give Defendant prior express consent or prior express
12 written consent to deliver calls or text messages to his cellular telephone number.

13 36. The calls and text messages at issue were sent for non-emergency purposes.

14 37. Upon information and good faith belief, the calls and text messages at issue
15 were delivered by Defendant voluntarily.

16 38. The purpose of the calls and text messages at issue was to advertise and to
17 market Defendant's business or services.

18 39. Additionally, upon information and belief, Defendant also collects
19 motivated seller consumer data and resell that information to investors, including by way
20 of executing assignment contracts.

21 40. As a result, Defendant either (1) solicited Plaintiff to sell his home to it at a
22 discount in order for Defendant to resell or rent Plaintiff's home(s), or (2) solicited
23 Plaintiff to submit his information to Defendant's lead generation service and, if Plaintiff
24 expressed an interest in selling his home(s), Defendant would then sell that via an
25 assignment contract to investors for a profit.

26 41. Plaintiff suffered actual harm as a result of the text messages at issue in that
27 he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

28

Class Action Complaint - 6

42. Plaintiff suffered additional harm due to his frustration and difficulty in identifying the entity and persons responsible for the unwanted advertisement or marketing calls and text messages to his cellular telephone number.

43. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

## Class Action Allegations

44. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Desert Fixed LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Desert Fixed LLC's or its business partners' goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days Desert Fixed LLC delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

> All persons and entities throughout the United States (1) to whom Desert Fixed LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Desert Fixed LLC's or its business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of Desert Fixed LLC, and a telephone number or address at which Desert Fixed LLC may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

45. Excluded from the classes are Defendant, its officers, directors, managers, and members, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

46. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

47. The exact number of members of the classes are unknown to Plaintiff at this

time, and can be determined only through appropriate discovery.

48. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

49. In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

50. Plaintiff's claims are typical of the claims of the members of the classes.

51. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his cellular telephone number with the DNC Registry.

52. As it did for all members of the Sender Identification Class, Defendant delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of Defendant, and a telephone number or address at which it may be contacted.

53. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

54. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

55. Plaintiff suffered the same injuries as the members of the classes.

56. Plaintiff will fairly and adequately protect the interests of the members of the classes.

57. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

58. Plaintiff will vigorously pursue the claims of the members of the classes.

59. Plaintiff has retained counsel experienced and competent in class action litigation.

60. Plaintiff's counsel will vigorously pursue this matter.

61. Plaintiff's counsel will assert, protect, and otherwise represent the members

of the classes.

62. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

63. Issues of law and fact common to all members of the classes are:

    a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

    b. For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

    c. For the Sender Identification Class, Defendant's practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted;

    d. Defendant's violations of the TCPA; and

    e. The availability of statutory penalties.

64. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

65. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

66. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

67. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

68. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

69. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

70. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

71. There will be no extraordinary difficulty in the management of this action as a class action.

72. Defendant acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal Do-Not-Call Registry Class**

73. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-72.

74. A text message is a "call" as defined by the TCPA. *See, e.g., Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

75. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

76. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

77. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

78. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the members of the Federal Do-Not-Call Registry Class who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

79. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

80. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Sender Identification Class**

81. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-72.

82. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text

message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

83. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

84. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

85. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

86. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and members of the Sender Identification Class while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

87. Defendant therefore violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

88. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as class representative of the classes under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation telephone calls and text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the classes damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: November 15, 2024.　　　　By:*/s/ Bryan A. Giribaldo*
　　　　　　　　　　　　　　　　Bryan A. Giribaldo (to seek admission *pro hac vice*)
　　　　　　　　　　　　　　　　bgiribaldo@pkglegal.com
　　　　　　　　　　　　　　　　**Pardell, Kruzyk & Giribaldo, PLLC**
　　　　　　　　　　　　　　　　7500 Rialto Blvd. Suite 1-250
　　　　　　　　　　　　　　　　Austin, Texas 78735
　　　　　　　　　　　　　　　　Tele: (561) 726-8444

　　　　　　　　　　　　　　　　*Counsel for Plaintiff and the proposed classes*